UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID FROHWERK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 2:11-CV-424 PS |
| vs. ) | |
| ) | |
| CERTAIN PROPERTY AT 5501 S 1100 WEST, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

David Frohwerk, a *pro se* prisoner, initiated this case on November 17, 2011, by filing a document labeled, "General Maritime Complaint." [DE 1.] Frohwerk's Complaint argues that the Westville Correctional Facility ("Westville"), located at 5501 S. 1100 West, Westville, Indiana is a "vessel" under federal maritime law.

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v.*

*Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

This action is frivolous: a correctional facility is not a "vessel" under federal maritime law. To the extent Frohwerk is attempting to challenge the conditions of his confinement at Westville, he already had his bite at that apple. *See Frohwerk v. Lemmon, et al.*, No. 2:11-CV-221-PS (N.D. Ind., dismissed November 3, 2011). It is malicious for Frohwerk to file multiple suits based on the same set of facts. *See* 28 U.S.C. § 1915A; *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915A if it is intended to harass or is otherwise abusive of the judicial process).

For the reasons set forth above, this action is **DISMISSED** as frivolous and malicious pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

ENTERED: November 18, 2011

                                                         s/ Philip P. Simon
                                                         PHILIP P. SIMON, CHIEF JUDGE
                                                         UNITED STATES DISTRICT COURT